IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

RONNIE KEYES                                                                    PLAINTIFF

           v.                    Civil No. 05-5121

SHERIFF TIM HELDER;
DR. HOWARD; NURSE SUSAN
JOHNSON; and NURSE
RHONDA BRADLEY                                                                DEFENDANTS

### REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE

Ronnie Keyes, an inmate in the Washington County Detention Center (WCDC), brings this pro se civil rights action pursuant to 42 U.S.C. § 1983. His complaint was filed in forma pauperis (IFP) and it is now determined whether it should be served upon the defendants.

On September 8, 2005, an order was entered directing the plaintiff to complete, sign, and return an attached questionnaire that would be filed as an addendum to his complaint (Doc. 6). The addendum was filed on September 16, 2005 (Doc. 8). Plaintiff also filed a supplement to his complaint (Doc. 7).

### I. Discussion

Keyes contends his medication was taken off the medication cart by the medical staff. *Addendum* at ¶ 4. He was asked whether Sheriff Helder was personally involved in having the medication taken off the cart. *Id.* at ¶ 5. Keyes responded no. *Id.* He then said:

> I believe that he should be held liable for the nurse and doctor's actions because a decision to take away medication should be approved by someone of a higher authority, considering the seriousness of my medical conditions. The proper chain of commands were not followed, this facility is very unjust and cruel.

*Id.*

Keyes' claim against Sheriff Helder is subject to dismissal. A claim of deprivation of a constitutional right cannot be based on a respondeat superior theory of liability. *See Monell v. New York City Dep't of Soc. Servs.*, 436 U.S. 658, 694 (1978). In other words, Sheriff Helder cannot be held liable merely because he employs the medical staff involved in making the decision at issue. *See Keeper v. King,* 130 F.3d 1309, 1314 (8th Cir. 1997)(no evidence that the defendants were doctors or were personally involved in making medical decisions about treatment); *Mark v. Nix*, 983 F.2d 138, 139-40 (8th Cir. 1993)(section 1983 liability requires some personal involvement or responsibility).

## II. Conclusion

I therefore recommend Keyes' claims against Sheriff Helder be dismissed on the grounds that the claims are frivolous and fail to state claims. *See* 28 U.S.C. § 1915(e)(2)(B)(i)-(iii)(IFP action, or any portion thereof, may be dismissed on such grounds at any time). However, we note that service of the complaint on Dr. Howard, Nurse Susan Johnson, and Nurse Rhonda Bradley will be directed by separate order.

**Keyes has ten days from receipt of the report and recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. Keyes is reminded that objections must be both timely and specific to trigger de novo review by the district court.**

DATED this 19th day of September 2005.

/s/ Beverly Stites Jones
UNITED STATES MAGISTRATE JUDGE